May it please the Court. My name is Kimberly Albrow from the Federal Public Defender's Office in South Carolina, and I represent the appellant Mr. Ketter. I will start with the issue that the Court asked for supplemental briefing on, which is the mootness issue. I think what appears to be the case that would resolve the mootness issue is the Spencer v. Kimna case from the United States Supreme Court. But as it turns out, a lot of circuits after that case issued considered whether a case was moot when an appellant challenged his sentence that he had already served but was still serving supervised release. So can I ask you, what do you expect to get from this appeal? I think that Mr. Ketter deserved an explanation for why his sentence was time served instead of a guideline sentence when that's what he asked for. And there is a possibility that the District Court could reconsider his supervised release term because he was not given the minimum that he could get. So I had read your papers as saying you weren't challenging the supervised release term. That is true. We were not challenging. But it is a late-breaking development on your part. Well, I wouldn't even say that I'm asserting an argument about the supervised release term now. The reason, I mean, when we had to address the mootness issue, to be honest, that's when I first really thought about this issue at all, because his sentence, the way he was sentenced and the fact that no reasons were given and that his trial attorney did specifically ask for a guideline sentence, I focused initially on the reasonableness, and it seems pretty clear if you get past the mootness issue that he was not given reasons, an improper factor was considered, and the only reason— None of that gets him anything. It doesn't get him any relief. No, he can't get relief, there's no doubt. He cannot get relief from the time that he's over-served. Well, he could conceivably get relief on the term of supervised release, but you didn't challenge that in your papers. That's correct. So that issue's not before us, right? No, it is not before you, and the only reason that issue has come up is in relation to why other circuits, even in light of the Kimna case, have held that these types of cases are not moot. Right. Counsel, my good friend, as much as always, she's very sharp in terms of her questioning, but perhaps maybe you go too fast on that because you didn't challenge the term, and you still don't, but what you're saying is when we asked you to look at mootness, you looked at administratively, the difference is now that he's served a year, more than a year, he can be considered now to be released from that term, right? Correct. So you're still not, you can't go back for the term, but the way administratively is, there's something he can get from that, at least the opportunity to request it. Correct, as it relates to the mootness. I mean, his initial issue is just that he was improperly sentenced, and I never cited this case, but I went back and reread the Supreme Court's case in Molina-Martinez, and that case, while it involved an incorrect calculation of a guideline range, I think the Supreme Court gave a wonderful explanation of why it is important for a person to be informed of why they were sentenced the way they were. I'll let you go, I really will, but I just want to be sure that I understand because let's leave aside for a moment the supervised release. Let's just say that you didn't have a supervised release argument, that he's now free of supervised release, and he's also out of jail. And we wouldn't send it back to the district court to give him a better explanation about why he got the sentence. That doesn't get him anything. That doesn't remove the sentence. It doesn't remove the conviction. It doesn't do anything. It doesn't, but as I indicated, his judgment doesn't reflect what his guideline range was. I understand your argument on the merits, but there's nothing we can do for him. He's already served that time, and you don't make the argument that he gets credit. The next time he commits a crime, he can say, well, I served an additional five years. I certainly deserved. You can't say that, right? No. He is not going to assert anything about the conditions of a supervised release, his term of supervised release. That isn't his issue. His issue was solely related to the reasons. Okay. But, Ma'am, what you just said is something that I think was going to my second question to you, which I think contradicted what you just said to Judge Gregory. He can't do anything about his term of supervised release, or he doesn't complain about that, or he does? It's not an appeal issue. He is not going to – I didn't – I'm sorry if I've been confusing about that. He is – Probably me. His supervised release term, we did not challenge that. I see. Okay. And so I think you're right that the cases seem to think that this is a unitary sentence, that the sentence is all together. It's the crime, it's the part that you're in prison, and it's the part of supervised release. And if something is still in play, then we can – it's not moot. And maybe it's not moot here because the supervised release term is still in play. But any error is harmless because you don't challenge the term of supervised release. Well, I think the mootness cases – the point about the mootness cases are because there's any chance that if you ruled on the sentencing or the reasonableness of the sentence or the substantive reasonableness of the sentence and did remand the case, I know your position is, well, we can't do anything to help him for his term of imprisonment. That's true. But I do believe that based on what the decision of this Court is, as far as the fact that no reasons were given, that he ended up having a sentence that was almost three times the high end of his guideline range, but most importantly, the fact that the improper fact that was used directly related to his supervised release, this Court could make a decision on that and remand it back so that reasons are – Not if you don't challenge it, which you didn't. Let me ask this question this way. In imposing a sentence, a judge is required to apply the 3553A factors. He does that to both the term of imprisonment imposed as well as the term of supervised release to come up with the total punishment. The guidelines say that if the sentence is over a year, you have to impose the term of supervised release, but the guidelines are advisory. So the judge in this case imposed a total sentence of X number of months, whatever the time served component was, plus two years of supervised release. Is that the best – well, not the best, but is that your argument with respect to why it's not moot? My argument with why it's not moot, and I believe all the cases that I cited, particularly in the 28J letter that I filed on Monday, I don't think it's relevant whether the term – I don't think that the supervised release term was challenged in most of those mootness cases. Only the underlying sentence was challenged, and the reason that it's not moot is because there is the possibility that if the court found there was an error with the term of imprisonment, that it might cause the district court to reconsider the term of supervised release, whether the appellate raised that or not. But have you made the argument that there's a realistic possibility that the term of supervised release will be changed? I think you're right. Did you make that argument? I made that argument when I was asked to address mootness. I readily admit that I never raised anything about the supervised release in the initial brief. It was because the – But you still make that – you make that argument now, and you made it when you looked at the mootness. Right, and in the supplemental brief. And I think the key issue here that makes it perhaps even less moot than some of the other mootness cases I cited is the fact that the improper factor that I put in the original brief was that Mr. Ketter never raised the issue of whether he'd get banked time, should he violate his supervised release term. That's an improper factor. I think even the government would agree with that. They put in their brief, they cited a case, Watson or Wilson, I believe is the case, where they agreed that that's an improper factor. I don't think anyone disagrees that it's improper for the district court to consider whether or not Mr. Ketter would have received banked time against some future violation of supervised release. And Mr. Ketter asked for a guideline sentence. He was given a time-served sentence. His attorney objected, and the response by the district court was, well, I understand that the BOP might bank time against these over-served sentences, but I don't really think I should decide that. And that's exactly correct. As the government cited in one of their briefs, the BOP and the attorney general is who should decide whether over-served time is credited against a future sentence. Mr. Ketter never raised that issue, and Mr. Ketter thinks it was completely improper for that to be the reason for him to get a time-served rather than guideline sentence. And how his argument about the guideline sentence versus the time-served sentence relates, tied in with the mootness issue, is the fact that the supervised release term was brought up and it shouldn't have been brought up. Ms. Amber, I'm looking at your — I had not realized that you claimed that there was a realistic possibility that the term of supervised release would be changed by the district court if remanded. And you represented to me you didn't do it in your original briefs, but you did it in your supplemental brief on mootness. I've been looking for that. Maybe you can direct me to where you say you believe there's a realistic possibility that the district court on remand in this case would change the term of supervised release. I'm not sure that I used the term realistic. Well, isn't that what these other cases that talk about mootness talk about? Well, no. They refer to whether the Second and the Ninth Circuit say a case is not moot if there can be effectual relief granted. Well, wouldn't there have to be a realistic possibility? Okay, I'll buy that. If there's effectual relief, do you say somewhere in this brief that there is effectual relief because he could get because and marry it to because there is this effect that the district court could possibly do on remand? Yeah. I believe the term most of the cases use is the possibility that the supervised release term could be reduced. And I cite the – You cite cases – I cite cases – But you make the argument that that is the case in your situation. Well, on page 5 is where I discuss how the district court specifically relied on the improper sentencing factor that directly related to his term of supervised release. Do I word it exactly like you say it? No. But the idea was that, you know, the district court raised on its own this over-service of time, but that was not appropriate and then – What you just read. Just quote yourself. Okay. Well, therefore, the collateral consequences of Ketter's supervised release term, a concrete punitive consequence still restricting Ketter, is directly traceable to the improper sentencing factor challenged on appeal. I thought you said something about supervisory. Furthermore, the district court specifically relied on an improper sentencing factor that directly related to Ketter's term of supervised release. The district court on its own raised the issue. It was more about the background of it, but that's how – In the litany of things that impacted the error. Correct. Maybe I did. You could have done it more. I could have done it better. Better. In retrospect, and I think maybe when I – I think because the idea was that all of these other cases that have addressed, and a lot of them specifically referenced Kemna, that what they said was just the possibility, the fact that someone's still on supervised release, that means they're still in the custody of the United States, that the supervised release is considered part of the sentence and punishment, and that was enough to overcome the mootness issue. And maybe I didn't directly address all of that history of mootness to Mr. Ketter's case because the fact was he is still on supervised release, as acknowledged in one of the government's briefs. He's violated once. I think you have to do that because, which I think somewhat, to me, counterintuitive, but if you over-serve your time, not only can you not bank it, but you also can't say, well, since I served eight years too much, then I shouldn't be on supervised. No, you're going to get that anyway. So that's why you have to be more specific about it because it's not that you can just do away with the term, but if you give me relief on how he should have been sentenced, that would give effectual relief potentially in his supervising because he could have gotten, what, one year, right? Correct. Right, one year. And he's already been on for over a year, so he could have asked for suspension or to be off of supervised relief by now. The Supreme Court talks about the challenged portion of the sentence. I'm sorry, where is that? The Supreme Court talks about the challenged portion of the sentence when it's talking about mootness, and I just wonder, I don't know that this is the challenged portion of the sentence, but I think I understand your position. Well, I mean, the cases that I cite, and I apologize for the lateness of the 28J letter because, honestly, that's the way I should have written the supplemental brief, which is now obviously causing me a problem, but I think those cases that I cited, and I can understand, I mean, I'm aware of this Court's unpublished opinion. We're not bound by unpublished opinion. Right, I understand. But you're also not bound by all of the out-of-circuit authority that I cited either, but I do think they gave good reasons, and because of what I've already said, and I apologize, I'm out of time too. Published opinions go both ways. Anyway, I'm out of time unless you have further questions. Does Austin? All right, thank you, Counsel. Ms. Fisher? May it please the Court, the United States would respectfully request that this Court affirm the sentencing and conviction, or not the conviction, but the sentencing that's at issue in this case. Mr. Ketter, Appellant Ketter's sentence was lawful. It was within the statutory framework. Maybe you can address mootness to begin with. What do you think? Certainly. We also believe that the case, of course, is moot. While I appreciate the supervised release arguments that my opposing counsel has put forward, what I feel like is getting lost here is the fact that he can make those arguments to the district court judge. He could have made them at any point in time in the past few months. He served approximately a year and a half of supervised release. He has not asked the district court to terminate his supervision or anything like that. But that doesn't reach the question of whether it's moot here. I mean, that's interesting. Oh, no. I just mean like to the extent they are relying on the ability for the district court judge to go back and say there's a realistic probability that he's going to revise the term of supervised release. I'm just saying that could have been done separate to this appeal. But I think actually that argument sort of cuts against you because there probably is a more realistic possibility if we should say that the sentence itself was wrong, the time the prison sentence was wrong, that he would change the term of supervised release. But nobody has said that to the district court. You are correct. That has not been said. But, yes, we believe it is moot. The Supreme Court's opinions in the Kimna case and Lane v. Williams, going back all the way to North Carolina v. Rice, we believe that that line of cases shows that there is not an actual case or controversy before this court. As I think we just heard, it seems somewhat clear that the defendant is just challenging the imposition of this time-served sentence. And, of course, it is time served. Our hands are tied. This is what happened post-Johnson. The district court released this defendant as quickly as he possibly could. We got the resentencing hearing. The district court entered time served. And I think, actually, the BOP said he served one day more because the BOP couldn't release him, I guess, that particular day. But he released him. Ms. Fisher, may I ask you a question? You think time served was a favor to him? Because it seems like the district court judge was saying, oh, my goodness, what has the world come to? People used to love to have a time-served sentence. What's the problem? You think that was a favor to him? No, I think he was lawfully entitled to that. No, what I'm saying, giving him time served, you think that was a favor to him? I think it was the best option for all parties involved at that time. Really, you think so? It's almost like saying, wait a minute, I've served more than I should have served. Now I'm here before you and I stand for sentencing with all of those things that our precedent and the Supreme Court has said in terms of all those things, gall and reasonable sentence and procedural and looking at the factors. That's all they could have done? Maybe the whole point is this. I've served the time. You can't take time back, but you can at least give me a sentence that reflects appropriately what should have been my sentence. That's insult to injury almost. You say, okay, time served. What's the problem? Aren't you happy? No, I'm not happy. I want somebody to recognize that I should have been sentenced properly and at least let the record reflect some sense of justice. Even though I cannot, you can't take back time, but you might be able to give respect. Your Honor, I would respectfully disagree with that. You disagree with what part of that? I disagree that in this case the time served sentence was not respectful and just in this case. Yes, it is above the advisory guideline range. Is that procedurally a problem? Procedurally. If you don't give, what was the reason for giving that much time other than the fact that it's a, I call it a fait accompli defense. In other words, the fate is complete, so that's all I can do. But that's not all. You will agree that that's not all the court could have done. Do you agree with that? The court could have sentenced him anywhere between zero to 120 months. And I guess it is the government's position that the sentence, the time served sentence, was appropriate and reasonable in this case, and that even if this Court were to take the approach that the Nichols Court applied in the Sixth Circuit and equate time served to a specific term of months imprisonment, the government would still say it's a reasonable sentence based on the unique circumstances of this case. You can say that's a reasonable sentence, though, in response to Judge Gregory's question. The court didn't make any findings as to 3553A factors. The court just said time served. The timeline range of 27 to 33, time served equates to what, 57, how many months did he serve? I believe it's between seven and eight years. But I would disagree. I think the transcript shows that the district court in this case said, I've considered the 3553A factors. I've tried this case. You know, he sentenced him the first time. I agree it was a variance upward from the guidelines. I think if we view it in the light of the Sixth Circuit, which the majority of the Sixth Circuit in the Nichols decision, then yes, it has to be considered a variance sentence. All right. What's the basis for the variance? The basis for the variance is the 3553A factors, the fact that he— Which one? Well, in the government— According to the judge, not according to the government. Again, I can't— The judge imposed the sentence. I cannot point to a specific one that the court considered, but he directed us to the offense conduct in the PSR, that paragraph of the JA in the sentencing transcript. Oh, all accounted for in the guideline calculation. Well, I guess not in the eyes of the district court, though, right? That's my theory. This was a gang shootout. This was a defendant who had an extensive criminal history, and he went to trial. He testified falsely, and he got convicted. And the district court, again, there's a short paragraph, but it says I've considered the 3553A factors, I tried this case, and I looked at the conduct in the PSR. I believe it says from paragraphs 10 to 22. And, therefore, he's going to get a sentence of time served. In your mind, is that enough explanation for a variance sentence in that amount? I think it could have been. Again, not knowing that it was going to be a variance sentence, we're looking at it, of course, in hindsight. Yes, it could have been more thorough. And should this court remand it, obviously, you know, there would hopefully be a stronger record. I mean, if this court remands it, it would be the government's position that we would move for an upward variance in order to get to that same sentence. We do believe the time served. Why would you do that? Because that was the appropriate sentence, Your Honor. You would try to argue to make it fit the time served, fit the variance? That's the government's position in this case. Well, Your Honor, again, he's already served it. At the time we convicted him, we thought it was a 15-year sentence. Having already served it, nobody can change that. We can't even go back this morning when we got up, so we know we can't go back to years. But I'm talking about the President's sense in terms of justice and your obligation as Assistant U.S. Attorney. You're telling me you would go back and argue just to make it fit the time served? And you would argue to the court that that to give reasons to make the variance fit? What was the variance? How many months over the top of the guideline range? It would have been 33 months to whatever between seven and eight years. So, I mean, it's more than double for sure. But, again, we're looking at it in this vein of, you know, Congress and the courts are asking us to handle really difficult tasks. First, they tell us this guy is, you know, a 15-year mandatory minimum case. You know, that's why the U.S. Attorney's Office takes cases like this. They look at somebody with an extensive criminal history, and they think this is somebody worthy of federal prosecution. We'll do it. So we take the case. We take it to trial. And then, of course, we think that's a reasonable sentence. The district court's hands were tied. Our hands were tied. That was the sentence. The Supreme Court, it turned out we were doing it wrong. The Supreme Court told us that wasn't right. And now he's a maximum of 120 months. So, yes. You could have very easily argued for a 120-month sentence. It's very basic. You just say, Judge, I know that Johnson applies, but you're still free to consider those convictions. And if you think they're more serious than what Johnson has led you to conclude, then you're free to vary upward, and we think it's a 120-month case. Nobody's hands were tied. But Judge Gregory's point is well taken. Would you just go in to argue a variance to justify the time served, or would you argue a variance based on the facts? I would argue a variance based on the facts. Again, as I said, this was an individual in Hartsville, South Carolina, small town. It was a gang shootout. Unfortunately, he got the worse end than the other gang members. And, again, he went to trial. He testified. He testified falsely. And, unfortunately, since he got out of prison, he hasn't been doing very well either. Again, I don't want you to think the government is being unjust, but, of course, he's got to – If he was doing very well, you'd be telling us about that, right? That's exactly right. No, no. What I was going to tell you is that his supervised release violation report has been ready for months. And, of course, the government said, no, no, no, we don't want the hearing. This case is being orally argued. We would not double down on the defendant and have a supervised release violation hearing knowing that the court may have a problem with the underlying sentence. So we've agreed to stay that. That's been stayed pending outcome of this court. Let's go back to the mootness question originally. You cited a number of cases. Explain to me in very straightforward terms why the government on these facts considers this to be moot. Your Honor, unfortunately, it is time that he has already served. There is nothing – The Supreme Court has said, as part of the mootness doctrine, whatever you're asking for, basically, we have to be able to redress it. We have to be able to fix it. And if I say to you, as I said earlier, that imposing a sentence – we're applying the 3553A factors to a term of imprisonment, term of supervised release, and everything else. It's a total sentence. And so when a judge, in fashioning that sentence, considers that the defendant has served 83 months – whatever the number is – 84 months, that may lead to a particular conclusion as to how long the term of supervised release should be. If, on the other hand, 84 months is time served but there's something else that maybe could have been imposed on the first instance, maybe that leads to a different conclusion as to how much supervised release should be imposed. Do you follow what I'm saying? I do. I think – So if I say, I don't think it's moot because the sentencing – the way a sentencing works these days under 3553A, we're applying those factors to the total sentence. Therefore, it may very well be that this conclusion as to the term of imprisonment led to a different conclusion or an unusual conclusion as to supervised release. And I'm posing this. Do you agree with that or disagree with that? Depending on the facts of the case. Unfortunately, I think in this case – Just deal with this. Okay. Well, in this case, I think it's difficult. We would be in a much different situation if in the opening brief it said, Appellant Ketter is appealing his time served sentence and his two years of supervised release. But instead, we didn't get that. Instead, the situation that presented us is a defendant whose entire basically opening brief is all about the time served sentence. So he may get back for resentencing. Is it just for the term of imprisonment? Well, which would be interesting because probably by the time he gets back and gets reset, he may be off of supervised release. No, I looked at that. I don't think he would be. He's got about six months left, I think. So if we act with the speed with which the federal courts have acted previously on his claim, yes, it would be expired. But hopefully, we'd act with greater speed. I didn't mean to – So if we remand it back, forget about the term of supervised release, would it just be to correct the sentence and nothing else, or is it a remand or a resentencing? I think that's up to the court. However, I mean, you fashion the remedy. But in other cases, for those cited by opposing counsel, like I think the Trotter case and maybe Roan and Trammell, these are cases where, for instance, in the Trammell case, in the opening paragraph of the Eleventh Circuit's opinion, it says the dependent appeals his 156-month sentence and five-year term of supervised release. That's the combination that made it a live case or controversy. Well, but Justin's point is that your sentence is altogether. It doesn't matter exactly how the district court characterizes it. You appeal the sentence, right? That's what he's appealing. Occasionally, but I think in some of the cases that we've seen, some of them are not doing that. They're appealing just the term of supervised release. They just want to talk about, I know Post-Johnson, in some cases, the defendants are only complaining about supervised release because they've gotten time served. And also, I want to make sure also the court understands the context in which this came. If you look at docket entries 183 and 186, you'll see that the attorneys for Ketter, they didn't specifically ask for a specific sentence. They said, you know, hey, we're seeking 2255 relief. We want a sentence below the 120-month maximum. And I think myself included, I would readily admit this, we were all taken a little bit back when he got time served and objected to that. That was not something that I foresaw was going to be a problem. I know when I looked at the case and saw what his guideline range was going to be and how much time he served, I said, oh, my goodness, we'll agree with time served, of course, because, you know, we could have asked for 120 months, but we didn't feel like that was appropriate, but what he had served seemed reasonable. And so we went forward with that proposition, only to find out at the hearing, after the judge pronounced his sentence, that he says, you know, I want, you know, the 27 to 33 months. So I will say, you know, again, we're all doing this in hindsight. We're figuring out these Post-Johnson cases, and it is – I'm not making excuses, but we're doing the best we can. Counsel, we've had a lot of talk about what he did or did not do in his papers and when he did raise this and when he didn't raise it. I've just been scanning the government's first brief, and you don't suggest the case is moot in that brief, do you? Absolutely not, Your Honor. The court brought that to our attention. Y'all are much savvier than us. It's your case. You know, it's like when you – you're the master of this case, and you should be putting to us every argument you have, right? Absolutely, and we didn't do that. Again, that was brought to the party's attention by the court, and I think that goes to the Supreme Court's jurisprudence that you must have a live case or controversy regardless of whether or not the party's brought that. If it is moot. If it is moot, yes. But we've – Is it ultimately, I ask this, your best argument, that time served or not, even if this court were to remand, we can't give him back the time he served, and he has no longer sustained an injury that is redressable because even he, regardless of the total sentence, even he is not complaining about a two-year period of supervised release as opposed to a three-year period. That is correct, and the fact that he's already served a substantial period of it. The second corollary would be under this court's jurisprudence regarding the reasonableness of sentences, I would just say that when you're applying that test, when you're asking under Savion Matute, or I'm probably mispronouncing that case, but that line of cases, we'd ask or we'd simply argue that there's no reason to send this case back when we know that the district court would basically – If I were you, I'd stick with what Judge Osteen said to you. I don't find that second argument very persuasive. I agree. Look, when the judge imposed the original sentence of 188 months, he did it under a statutory scheme that was later overturned and under a wrong guideline, I understand, but he did it by application of the 3553A factor. So he said there, this is what I think is sufficient but not greater than necessary on these facts. When it comes back under a new guideline range and a whole new scheme, I mean, some judges might have imposed the 120. Some may have done different things, but we really – the record does not reflect how Judge Wooten landed at that particular number other than this is time served. I think it's favorable to the defendant in that sense, and so I'm going to impose that, right? That is correct. There is no such discussion, I don't believe, on the record. But we do believe it is still a reasonable sentence. It's a lawful sentence that makes it unlike the case in the Sixth Circuit. And also, the court has not brought this up, but I just want to make sure the court is aware. There has been some reference to a February 12, 2018 memo by the Department of Justice that addresses cases where they're being re-sentenced, where they have sentenced above – the amount of time that they've served is above the statutory maximum and what the Department's guidance has been to its lawyers. That does not apply in this case. I have, of course, consulted with the Department of Justice about Mr. Ketter's appeal, and I have been informed that, in fact, we should, of course, continue to push forth this time served sentence with respect to his case. So I just want to make sure you know that we're not here in South Carolina running afoul of the Department of Justice's guidance. I just wanted to clarify that. We appreciate that. As long as you stay in line with the Fourth Circuit, I think you'll be okay. Well, if there are no further questions. Thank you, counsel. Ms. Albra. Thank you. I just wanted to briefly address a couple of things. One thing is the question of how much time Mr. Ketter served, just so the court is clear on that. Ninety-three months is what I understand, maybe a month or two more than that. That's five years over the high end of what his guideline range should have been, and three years of that, his 2255 was pending. The government also mentioned the Nichols case, which I did not have a chance to address initially. Is your client in any danger if we remand this case? Any danger? Yes. I don't think so. You don't think that we would send him back? But they could resentence him to a greater period of supervised release, right? One year or more, that's correct. As a matter of fact, could he actually sentence him to an even higher sentence? That's correct. So you understand that risk? Yes, Your Honor, and I believe he does too. So in other words, the gap is 93 versus 120. That sounds like 23 months. That's correct, Your Honor. I mean, 27 months, I'm sorry. And when that's a risk on appeal, I try to always advise my clients about that. It kind of goes back, though, to the mootness question. It seems that even if there is some injury, there's a pretty significant chance your client's position gets worse instead of better at the end of the day, which I don't say is fair or unfair, but it kind of goes to the original point of, is there really an injury here we can correct? He has completed his term of imprisonment. That is correct. He's completed his term of imprisonment. I think if he was sentenced to over whatever the time served, the 93 months that the time served was equivalent to, no reasons were given. I mean, there would have to be significant reasons to vary from the high end, which is 33 months, all the way up to 120 months. I'm not sure if there are reasons to support that or not reasons to support that. We've all had Johnson remands, and I don't find it too much of a stretch that there would be reasons to vary upward to a pretty high sentence under that 0 to 10 statutory range. It happens. And these Johnson cases are unique animals, but I would point, the government brought up the Nichols case, which I didn't address, and I would say besides the fact that he had over-served the statutory maximum in that case, independently the Sixth Circuit addressed the failure to give any reasons whatsoever, and I think those are compelling reasons. I know I've had a hard time, I believe, convincing the panel of that, but some of the reasons are that there was no analysis for the corrected sentence in Nichols. It's very similar to Mr. Ketter's case. The court didn't recognize that a time served sentence was a major departure from the guidelines, and I don't think the district court did in this case either. And this court and Mr. Ketter and anyone else who looks at it cannot tell from the record whether the district court actually used the guidelines at all to impose this sentence. And they also specifically pointed out that just because Mr. Ketter already served 93 months, the Nichols defendant had already served whatever he served, that that was not a reason to give a time served sentence. In other words, just because he's already served X number of times, that's not a reason that falls within the 3553A factors. And again, back to the Molina-Martinez case from the Supreme Court, regardless of the circumstances, the court is required to explain the sentence, and I think Mr. Ketter deserved an explanation of his sentence for something that was that far above the guideline range, especially when he fought for three years to try to get his re-sentencing scheduled. Is that explanation a legally cognizable injury, though, under these circumstances? I think that to overcome the mootness, I think those cases, while the government did cite some cases where they also challenged the supervised release, some of these cases, I know a couple of the cases, and I think they're ones that this court cited in the town's opinion, they challenged BOP regulations of good time credit and not supervised release. So clearly some of these issues that are, they don't have to, the appellate has not had to raise supervised release in addition to the sentence that's already been served in order to overcome the mootness. Let me ask you this. What if he had not imposed any term of supervised release? I mean, no term of supervised release. I think it would be moot. Right. So the explanation gets you really nowhere. I mean, that's what you featured all along. I mean, I think you're personally offended. Maybe the office is offended by what happened. And maybe we're offended. The government's not offended. But, you know, so, but there's no relief for that offense. But I think, I still believe that the cases, and maybe I'm not saying it correctly. I wish I could get it across better from Mr. Ketter, but I do believe that the fact is because supervised release is. No, no, no, I understand. I had, I was talking about if there was, remember, where you had my hypothetical where there was no supervised release and you acknowledged that it would be moot. Right. Even though you're deeply offended by the fact that there was no explanation. Right. But I still think that even though I haven't raised the supervised release, challenged the conditions, that that still is part of a sentence and there is the chance that the district court might reconsider it in light of what this court might say about the way the case was handled. Okay. Thank you. Thank you, counsel. Do you need a break? No. Do you need a break? I'm good. You're good. All right. We'll come down, Greek counsel, and proceed to our last case for this morning.
judges: Roger L. Gregory, Diana Gribbon Motz, William L. Osteen Jr.